**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| VARTA MICROBATTERY GMBH, <br>     Plaintiff, <br>v. | |
| COSTCO WHOLESALE CORPORATION | Civil Action No. 2:20-cv-00051-JRG <br> **LEAD CASE** |
| AMAZON.COM, INC. | Civil Action No. 2:20-cv-00052-JRG |
| BEST BUY CO., INC., ET AL | Civil Action No. 2:20-cv-00054-JRG |
| PEAG, LLC | Civil Action No. 2:20-cv-00071-JRG |
| AUDIO PARTNERSHIP LLC, ET AL | Civil Action No. 2:20-cv-00138-JRG |
| SAMSUNG ELECTRONICS AMERICA, INC. <br>     Defendants. | Civil Action No. 2:20-cv-00029-JRG |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff VARTA Microbatteries GmbH, PEAG, LLC, d/b/a JLab Audio and Audio Partnership LLC, Audio Partnership PLC d/b/a Cambridge Audio and Samsung Electronics America, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties in each of their respective actions involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing an appropriate designation ("CONFIDENTIAL" or "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY")[1] on such document, information or material. The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as Protected Material. For electronically stored information and documents produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file is designated as "CONFIDENTIAL" or "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" or shall use any other reasonable methods for so designating Protected Materials produced in electronic format. When electronic files or documents are printed in hard copy for use at deposition, in a court proceeding, or provided in printed form to an expert or consultant, the Party printing the electronic files or documents shall affix a legend to the printed document corresponding to the

---

[1] The Parties do not expect to engage in discovery of source code in this litigation, but if any such discovery becomes necessary, the Parties will seek amendment of this Protective Order to add appropriate protections for the same.

designation of the Producing Party and including the production number and designation associated with the native file.

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL" or "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," ("DESIGNATED MATERIAL") (or substantially similar designation), subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing, or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, briefs, memorandum, correspondence, affidavits, exhibits thereto, and other court filings; (d) all written discovery including Interrogatories, Requests for Admissions, and answers thereto; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL" or "RESTRICTED– OUTSIDE ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for

confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the Designating Party, upon order of the Court, or as set forth in paragraph 11 herein:

    a. outside counsel of record for the Parties in the Action in which the material was produced;

    b. employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of the Action;

    c. up to two (2) in-house counsel or other designated representatives for each Party who either have responsibility for making decisions dealing directly with the litigation of the Action, or who are assisting outside counsel in the litigation of the Action, provided that such in-house are not involved in the research and design of microbatteries and similar devices and who agree not to be involved in the research and design of such products for a period of two (2) years after exposure to such DESIGNATED MATERIALS, and who have consented in writing to be bound by the terms of this Order by executing the Undertaking attached as Exhibit A hereto and the Producing

      Party is provided ten (10) days to object before the in-house counsel or other designed representative is provided access to such DESIGNATED MATERIALS;

d. outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than the Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the Producing Party with a current curriculum vitae of the consultant or expert identifying at least all other non-confidential employments, clients, consultant positions within the last five (5) years, and a list of the cases in which the expert or consultant has testified at a deposition or trial as per Federal Rule of Civil Procedure 26(a)(2)(B) at least ten (10) days before access to the DESIGNATED MATERIAL is to be given to that consultant or expert to object to and notify the Receiving Party in writing that it objects to disclosure of DESIGNATED MATERIAL to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the Objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The Objecting Party shall have the burden of proving the need for a protective order. No

disclosure shall occur until all such objections are resolved by agreement or Court order;

e. authors, drafters, or addressees of the documents or information, persons who have previously received the documents or information, directly or indirectly, from the Producing Party, any party witness (e.g., 30(b)(6) witnesses) of the Producing Party, and any person for whom prior authorization is obtained from the Producing Party or the Court;

f. mock jurors and jury consultants in accordance with the provisions of paragraph 32;

g. independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of the Action, if there is a confidentiality provision in the service contract or established confidentiality agreements in place; and

h. the Court and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7. To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further

limitation, the Producing Party may designate such Protected Material "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY."

8. For Protected Material designated RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b), (d-e), and (g-h).

9. Documents, information, or material produced pursuant to any discovery request in one of the above-captioned Actions, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the specific Action in which it was produced and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of the specific Action in which it was produced. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

10. Any outside counsel representing a Party, and any person associated with a Party and permitted to receive the other Party's Protected Material that is technical and designated RESTRICTED -- OUTSIDE ATTORNEYS' EYES ONLY ( "HIGHLY SENSITIVE MATERIAL"), who reviews, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the Patents in Suit on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of the Action in which the material was produced and for two

(2) years after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the Patent in Suit. This provision does not prohibit counsel of record or experts from participating in or representing a Party in reexamination proceedings, post grant review proceedings, *inter partes* review proceedings, covered business method review proceedings, or *ex parte* reexamination proceedings before the U.S. Patent and Trademark Office or a foreign patent authority involving any of the Patents in Suit or any related domestic or foreign patents or applications, provided they do not advise on, consult on, prepare, draft, or edit any amendment to patent specifications in those proceedings. This provision shall not prevent a Party from submitting any prior art or litigation materials to the U.S. Patent and Trademark Office or foreign patent authority during the prosecution of a patent application or during a post grant review, *inter partes* review, covered business method review, or *ex parte* reexamination to ensure compliance with the duty of candor. If any such prior art or litigation materials are designated "CONFIDENTIAL" or "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," the Receiving Party shall inform the Producing Party of its intention to make such a submission, and the Receiving Party shall not submit such materials absent an agreement between the Parties or by order of the Court.

11. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other

privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The Receiving Party shall gather and return all copies of such documents, information, or other material to the Producing Party, or alternatively may destroy and certify as to the destruction of such protected documents, information, and materials. This Order shall not be construed as limiting or preventing a Party from challenging the designation of a document, information, or material as attorney-client privileged, work product, or subject to another privilege, doctrine, or immunity.

12. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to employ reasonably available measures to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

13. In the event of any accidental or inadvertent disclosure of DESIGNATED MATERIAL other than in a manner authorized by this Protective Order, counsel for the Party responsible for the disclosure shall immediately notify the Producing Party's counsel of the pertinent facts, and make reasonable efforts to prevent further unauthorized disclosure including retrieving all copies of the DESIGNATED MATERIAL from the recipient(s).

9

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the Designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (v) counsel for the Producing or Receiving Party, including outside counsel and in-house counsel (subject to paragraph 8 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "RESTRICTED – OUTSIDE ATTORNEY' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The Filing Party shall be responsible for

informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information, or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of their individual Action, or from using any information produced in their specific action contained in DESIGNATED MATERIAL at the trial of their individual Action, subject to any pretrial order issued by this Court.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the Designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the Requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the Designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. Pending the Court's determination of the application, the designation of the Designating Party shall be maintained.

19. Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to a Party-client with respect to these Actions, and in the course thereof, relying upon an examination of DESIGNATED MATERIAL provided that in rendering such advice and in

otherwise communicating with the Party-client, counsel shall not disclose the confidential substance of such DESIGNATED MATERIAL to anyone not authorized by this Order to receive such Protected Material.

20. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign the Undertaking acknowledging that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the Undertaking is attached as Exhibit A.

21. To the extent that any discovery is taken of persons who are not Parties to these Actions ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" any documents, information, or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other material to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

23. Within sixty (60) days of final termination of any of the above-captioned Actions, including any appeals, all DESIGNATED MATERIAL from that Action, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof

(excluding excerpts or extracts incorporated into any privileged memoranda or correspondence of the Parties and/or their counsel and materials which have been admitted into evidence in the Action), shall at the Producing Party's election either be returned to the Producing Party or be destroyed. The Receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request. Any destruction obligations under this Order shall not apply to electronically-stored information in archival form stored on backup drives or computer servers that are created only for disaster recovery purposes.

24. Outside counsel for a Party receiving DESIGNATED MATERIAL may retain a copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, exhibits offered or introduced into evidence at trial, and any work-product containing DESIGNATED MATERIAL, provided however that any DESIGNATED MATERIAL contained in any such documents retained by outside counsel of record shall remain subject to the protections of this Order.

25. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief

as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

28. After termination of this litigation, the provisions of this Order shall continue to be binding on the Parties and recipients of DESIGNATED MATERIAL, except (a) with respect to those documents and information that become a matter of public record or that a Party becomes independently aware of and (b) that a Party may seek the written permission of the Producing Party or further order of the Court with respect to the dissolution or modification of this Order. The Court retains and shall have continuing jurisdiction over the Parties and recipients of the DESIGNATED MATERIAL for enforcement of this Order.

29. In the event that any Party or individual described herein is served with a subpoena or other judicial process demanding the production or disclosure of any DESIGNATED MATERIAL, such Party or individual shall (a) provide lead counsel for any Party whose DESIGNATED MATERIAL is the subject of said subpoena or other judicial process with a copy of such subpoena or other judicial process within ten (10) days following receipt thereof, and (b) use all reasonable efforts to ensure treatment of the DESIGNATED MATERIAL at issue consistent with this Order.

30. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege

31. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present these Actions and (b) to apply for additional protection of DESIGNATED MATERIAL.

32. "Mock Jurors and Jury Consultants" refers only to individuals retained by a Party in preparation for trial for this litigation. For any jury research, an appropriate screening must be used to ensure that the jury consultant(s) and mock jurors are not current or former officers, directors, employees, or consultants of any party or direct competitors of any Party. Each Party may retain no more than two jury consultants and forty (40) mock jurors. Each jury consultant and mock juror must agree to be bound by the terms of this Protective Order and must execute the Undertaking attached as Appendix A. The Party retaining the mock jurors or jury consultants shall retain the executed agreements. Jury consultants and mock jurors may review information designated "CONFIDENTIAL" but not information designated as "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," in the context of mock trials or jury research, but they shall not retain possession or custody of any such materials. Mock jurors hired may view presentations or summaries derived from RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY information, subject to the other limitations of this paragraph, and provided they are not themselves given custody of any RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY information or of any such derivative materials. Financial amounts must be altered in derivative materials but may be within the same magnitude as those in the underlying RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY information.

**So Ordered this**

**Jun 9, 2020**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| VARTA MICROBATTERY GMBH, <br>       Plaintiff, <br> v. | |
| COSTCO WHOLESALE CORPORATION | Civil Action No. 2:20-cv-00051-JRG <br> **LEAD CASE** |
| AMAZON.COM, INC. | Civil Action No. 2:20-cv-00052-JRG |
| BEST BUY CO., INC., ET AL | Civil Action No. 2:20-cv-00054-JRG |
| PEAG, LLC | Civil Action No. 2:20-cv-00071-JRG |
| AUDIO PARTNERSHIP LLC, ET AL | Civil Action No. 2:20-cv-00138-JRG |
| SAMSUNG ELECTRONICS AMERICA, INC. <br>       Defendants. | Civil Action No. 2:20-cv-00029-JRG |

**EXHIBIT A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence,

1

will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in these actions.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____